IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | Chapter 7 |
| Luz B. Pina ) | Case No. 13-39770 |
|     Debtor, ) | JUDGE Donald R. Cassling |
| ------------------------------------------------------- ) | |
| Gina B. Krol, Not individually but as the duly ) | |
| assigned Chapter 7 Trustee, ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | Adversary No. |
| Scott D. Papendick, Luz B. Pina, and ) | |
| Gary A. King as DuPage County Clerk, ) | |
|     Defendant(s). ) | |

**COMPLAINT TO AVOID TRANSFER AND SELL REAL ESTATE FREE AND CLEAR OF LIENS CLAIMS AND INTERESTS**

Now comes Plaintiff Gina B. Krol, not individually but as the duly appointed Chapter 7 Trustee ("Trustee" or "Plaintiff") in the matter of Luz B. Pina, by and through her attorneys E. Philip Groben and Cohen and Krol, complaining of Defendants Scott D. Papendick, Luz B. Pina, and Gary A. King in his capacity as the DuPage County Clerk, and prays for authority to avoid transfer of debtor's interest in real property and to sell said real property free and clear of liens, claims, and encumbrances pursuant to Sections 363(b), (f), and (h) of the Bankruptcy Code, with liens and interests to attach to proceeds thereof, and in support states as follows:

**JURISDICTIONAL STATEMENT**

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and (d) in that it is a civil proceeding arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

2.   This Complaint arises under 11 U.S.C. §§ 363(b) and (h).

3.   This Complaint is a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), and (N).

4.   Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

## FACTS COMMON TO ALL COUNTS

5.   Debtor and defendant herein Luz B. Pina ("Debtor") filed his voluntary petition under Chapter 7 on October 9, 2013 (the "Petition Date").

6.   Plaintiff is the duly appointed and qualified Chapter 7 Trustee, Gina B. Krol ("Trustee") in the above captioned bankruptcy case.

7.   In the Petition the Debtor's street address is given as: 1113 Twin Oak St., Bensenville, Illinois 60106 (the "Property").

8.   Pursuant to 11 U.S.C. § 541(a)(1), all of the Debtor's legal or equitable interests in property as of the Petition Date became property of the estate.

9.   The Debtor's ownership interest in the Property is property of the bankruptcy estate.

10.   Debtor's Schedule A discloses an undivided ownership interest in the Property valued at $223,000.00.

11.   Debtor's Schedule C lists a homestead exemption of $15,000.00.

12.   Debtor's Schedule D lists a single creditor secured by the Property; Scott D. Papendick.

13.   On November 25, 2013 Scott D. Papendick caused Tax Deed #8052 to be recorded by the DuPage County Recorder.

## COUNT I:
## AVOIDANCE OF TRANSFER PURSUANT TO 11 U.S.C. §§ 549 AND 550

14. The allegations contained in paragraphs 1 through 13 are adopted and re-alleged as though set forth herein.

15. The recording of Tax Deed #8052 caused a transfer in ownership of the Property (the "Transfer").

16. This Transfer of ownership occurred on November 25, 2013.

17. The Transfer occurred after the Petition Date.

18. The Transfer was not authorized under Title 11 or by this Court.

19. Scott D. Papendick is not a good faith purchaser.

20. Scott D. Papendick had notice of the bankruptcy filing.

21. This complaint was filed before Bankruptcy Case 13-B-39770 was closed and within two years after the date of the Transfer.

WHEREFORE, Gina B. Krol, not individually but as the duly assigned Chapter 7 Trustee, hereby prays for a judgment order avoiding the transfer of 1113 Twin Oak St., Bensenville, Illinois from the Debtor to Scott D. Papendick, and for such other and further relief as this Court may deem just and proper.

## COUNT II:
## THE TRANSFER IS A VIOLATION OF THE AUTOMATIC STAY

22. The allegations contained in paragraphs 1 through 21 are adopted and re-alleged as though set forth herein.

23. Section 362(a) serves as a stay of the commencement or continuation of any actions to obtain possession of property of the estate; any act to create, perfect, or enforce any lien against property of the estate; and any act to create, perfect, or

enforce against property of the debtor any lien to the extent that such lien secured a claim that arose before the commencement for the case under Title 11.

24. Scott D. Papendick held a pre-petition lien against the property.

25. The recording of a tax deed was an act to create, perfect, or enforce any lien against property of the estate.

26. Scott D. Papendick filed Tax Deed #8052 in violation of the automatic stay.

27. Tax Deed #8052 is void.

WHEREFORE, Gina B. Krol, not individually but as the duly assigned Chapter 7 Trustee, hereby prays for a judgment order voiding the transfer of 1113 Twin Oak St., Bensenville, Illinois from the Debtor to Scott D. Papendick, and for such other and further relief as this Court may deem just and proper.

## COUNT III:
## SALE REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES PER 11 U.S.C. §§ 363(b) AND (f)

28. The allegations contained in paragraphs 1 through 27 are adopted and re-alleged as though set forth herein.

29. The Trustee intends to sell the Real Estate by retaining a real estate broker and advertising the Property for sale.

30. Section 363(b) of the Bankruptcy Code permits a trustee to sell property of th4e estate after notice and a hearing.

31. Section 363(f) of the Bankruptcy Code permits a trustee to sell the bankruptcy estate's interest in the Property free and clear of any interest in the Property.

32. Applicable nonbankruptcy law permits such a sale.

33. The interest of Scott D. Papendick is a lien and the price at which the Property

4

is to be sold will be greater than the aggregate value of all liens upon the Property.

34. Scott D. Papendick could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

WHEREFORE, Gina B. Krol, not individually but as the duly assigned Chapter 7 Trustee, hereby prays for a judgment order entered authorizing sale of 1113 Twin Oak St., Bensenville, Illinois with liens and interests to attach to proceeds, and for such other and further relief as this Court may deem just and proper.

**COUNT IV:
PRELIMINARY INJUNCTION**

35. The allegations contained in paragraphs 1 through 34 are adopted and re-alleged as though set forth herein.

36. Defendant Scott Papendick is in a position wherein he may be able to dispose of the real property at issue herein prior to a resolution on the merits of this adversary proceeding.

37. Irreparable harm to the Plaintiff would occur if Defendant is not enjoined from transferring the property.

38. No harm will come to the Defendant and the harm to Plaintiff through not issuing the preliminary injunction will be greater than the Defendant will suffer is the injunction is granted.

39. The Plaintiff has a reasonable likelihood of prevailing on the merits.

40. No public interests will be harmed by the grant of this relief.

WHEREFORE, Gina B. Krol, not individually but as the duly assigned Chapter 7 Trustee, hereby prays for a judgment order enjoining Defendant from transferring 1113

Twin Oak St., Bensenville, Illinois without prior Court approval, and for such other and further relief as this Court may deem just and proper.

                                                Respectfully submitted,

| | |
|---|---|
| Joseph E. Cohen | Gina B. Krol, Chapter 7 Trustee, |
| Gina B. Krol |     Plaintiff. |
| E. Philip Groben | |
| COHEN & KROL | By:  <u>E. Philip Groben</u> |
| 105 West Madison St., Suite 1100 | One of her Attorneys |
| Chicago, IL 60602 | |
| 312-368-0300 | |

6